# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANESHA PARKER,<br>Plaintiff<br>v.<br>DISTRICT OF COLUMBIA, *et al.*,<br>Defendants | Civil Action No. 21-2523 (CKK) |

### ORDER
(March 2, 2022)

Plaintiff Anesha Parker, who proceeds *pro se*, filed her [1] Complaint in this action on September 28, 2021. Defendants filed a [5] Motion to Dismiss on December 17, 2021, arguing that this Court lacks subject matter jurisdiction, that Plaintiff failed to properly effectuate service of process on Defendant Scalise, and that Defendant Department of Youth Rehabilitation Services ("DYRS") is non-sui juris and cannot be sued in its own right. *See* Defs.' Mot. to Dismiss, ECF No. 5.

Because Plaintiff proceeds *pro se*, the Court issued an order pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 507), informing Plaintiff that she was required to respond to the Motion to Dismiss by no later than January 14, 2022 or risk dismissal of this case. *See* Order, ECF No. 6. Plaintiff filed a motion for extension of time, which the Court granted—allowing her until February 18, 2022 to file her response to Defendants' Motion to Dismiss.

On February 22, 2022, the Clerk's Office received a pleading dated February 18, 2022 entitled "Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint." ECF No. 10. In that pleading, Plaintiff concedes that Defendant DYRS is non sui juris and should be dismissed as a defendant in this case. Because the Court agrees that DYRS is non-suable as an entity separate from the District of Columbia, it shall dismiss that defendant from this case.

Plaintiff does not respond to the remaining arguments in Defendants' Motion to Dismiss, but instead included with her filing an "Amended Complaint," which she claims she filed as a "matter of right" pursuant to Fed. R. Civ. P. 15(a)(1). However, Rule 15(a)(1) allows a party to "amend its pleading as a matter of course" within either 21 days after serving it; or 21 days after

1

service of a motion under Rule 12(b). Plaintiff has not filed proof of service of the original complaint, and more than 21 days have passed since Defendants filed their responsive pleading under Rule 12(b). Accordingly, it does not appear that Plaintiff has properly invoked Rule 15(a)(1). Therefore, she is required to obtain "the opposing party's written consent" or the "court's leave" to amend her complaint. Fed. R. Civ. P. 15(a)(2).

It is this 2nd day of March, 2022 hereby

**ORDERED** that Defendant Department of Youth Rehabilitation Services is **DISMISSED** as a defendant in this case; it is further

**ORDERED** that Plaintiff must file proof of service of the summons and original complaint on Defendants District of Columbia and Kristen Scalise in accordance with Rule 4(*l*) by **no later than MARCH 14, 2022**; and it is further

**ORDERED** that Defendants shall **by no later than MARCH 21, 2022,** file a notice, indicating whether they consent to Plaintiff's filing of an amended complaint.

**SO ORDERED.**

*The Clerk of Court is instructed to mail a copy of this Order by <u>overnight service</u> to Plaintiff's address of record.*

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge