UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANESHA PARKER,

Plaintiff

v.

DISTRICT OF COLUMBIA, *et al.*,

Defendants

Civil Action No. 21-2523 (CKK)

**ORDER**
(June 17, 2022)

Plaintiff Anesha Parker, who proceeds *pro se*, filed her Complaint on September 28, 2021, bringing one claim under the D.C. Whistleblower Protection Act against Defendants District of Columbia, Department of Youth Rehabilitation Services ("DYRS")[1], and Krista Scalise. *See* Orig. Compl., ECF No. 1. In summary terms, Plaintiff alleged that, while she was employed by DYRS, she conducted an audit of agency gift card program, during which she determined that "695 gift cards, valued at $20,260 were unaccounted for." Orig. Compl. ¶ 10. Plaintiff claims that after reporting this issue to her supervisor, she was "requested to submit a letter of resignation," was incorrectly marked as absent without leave, received a poor performance evaluation, and was denied a promotion and pay increase. Orig. Compl. ¶¶ 14, 26, 30. Defendants moved to dismiss the Complaint, arguing that the Court lacked subject matter jurisdiction and that Plaintiff had failed to properly effectuate service of process on Defendant Scalise. *See* Defs.' Mot. to Dismiss, ECF No. 5.

Because Plaintiff proceeds *pro se,* the Court issued an order pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), informing Plaintiff that she was required to respond to the Motion to Dismiss by no later than January 14, 2022 or risk dismissal of this case. *See* Order, ECF No. 6. Plaintiff filed a motion for extension of time, which the Court granted, allowing her until February 18, 2022 to file her response to Defendants' Motion to Dismiss. *See* Order, ECF No. 8. On February 22, 2022, the Clerk's Office received a pleading dated February 18, 2022 entitled "Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint." ECF No. 10.

---

[1] Plaintiff subsequently conceded that DYRS is non sui Juris and the Court dismissed that defendant from the case. *See* Order, ECF No. 11.

1

Plaintiff included with this filing an "Amended Complaint," which she claims she filed as a "matter of right" pursuant to Fed. R. Civ. P. 15(a)(l).

In an Order dated March 3, 2022, the Court concluded that Plaintiff had not properly invoked Rule 15(a)(l), and was therefore required to obtain "the opposing party's written consent" or the "court's leave" to amend her complaint. Fed. R. Civ. P. 15(a)(2). The remaining defendants, the District of Columbia and Defendant Scalise, did not consent to Plaintiff's proposed First Amended Complaint, contending that her proposed supplemental claim was "futile." *See* Notice, ECF No. 13. As of the date of this Order, the Court has not yet granted Plaintiff leave to file her First Amended Complaint.

On June 16, 2022, Plaintiff filed a [15] Motion for Leave to File a Second Amended Complaint, which is opposed by the District of Columbia. Pl.'s Mot. at 2. Plaintiff's proposed Second Amended Complaint adds the following defendants: Roseberte Clervil, the U.S. Department of Justice, the U.S. Department of Defense, and the Central Intelligence Agency. She also seeks to supplement her original District of Columbia statutory claim with causes of action "arising under 42 U.S.C. § 1983 for District Defendants and a *Bivens* action against CIA/DoD defendant for violations of the Fourth Amendment and Fifth Amendment of the United States Constitution; the Driver Privacy Protection Act; the Federal Wiretap Act, 18 U.S.C. § 2511; the Stored Communications Act (SCA), 18 U.S.C. § 2701; and the Federal Tort Claims Act (FTCA)." Pl.'s Mot. at 1-2. Plaintiff's proposed Second Amended Complaint eliminates all claims against Defendant Scalise.

In the interests of justice, and in order to most swiftly and efficiently address the issues of this case, it is this 17th day of June 2022, hereby **ORDERED** that Plaintiffs [15] Motion to File a Second Amended Complaint is **GRANTED.** ***This Second Amended Complaint shall be the final operative Complaint.*** The Court allows Plaintiff to file her Second Amended Complaint without making any findings or conclusions as to the viability or futility of any of the claims included therein.

It is further **ORDERED** that leave for Plaintiff to file her proposed First Amended Complaint is **DENIED AS MOOT.**

It is further **ORDERED** that Defendants' [5] Motion to Dismiss as to the original complaint is **DENIED WITHOUT PREJUDICE** as the Original Complaint is no longer operative.

It is further **ORDERED** that Defendant Kristen Scalise is **DISMISSED** from this case.

It is further **ORDERED** that Plaintiff shall effectuate service of process as to the new defendants in accordance with the Federal Rules of Civil Procedure.

And it is further **ORDERED** that Defendant District of Columbia shall not be required to answer or otherwise respond to the Second Amended Complaint until Plaintiff has effectuated service of process as to the newly-added defendants. Upon proof of service of these defendants, the Court shall set a schedule for responsive pleadings that avoids piecemeal litigation

**SO ORDERED.**

*The Clerk of Court is instructed to mail a copy of this Order to Plaintiff's address of record.*

                                        /s/
                                 COLLEEN KOLLAR-KOTELLY
                                 United States District Judge