**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANESHA PARKER**, *Plaintiff*, v. **DISTRICT OF COLUMBIA**, *et al.*, *Defendants*. | 1:21-cv-02523 CKK |

### PLAINTIFF ANESHA PARKER'S MOTION IN OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT

### INTRODUCTION

Plaintiff Anesha Parker ("Ms. Parker") respectfully submits this motion in opposition to the defendant District of Columbia's ("Defendants") motion to dismiss Plaintiff's Second Amended Complaint. Dismissal is not appropriate for the following two reasons:

1) Plaintiff Anesha Parker's federal and constitutional claims do not fail as they are not essentially fictitious;

2) This Court has supplemental jurisdiction over Ms. Parker's remaining claims.

Alternatively, Plaintiff requests leave to file a Third Amended Complaint to modify causes of actions and parties. Attached is a proposed Third Amended Complaint.

In support of this Motion, Plaintiff submits the attached Memorandum of Points and Authorities as well as the attached exhibits. A proposed Order is also attached.

Date: October 31, 2022

Respectfully submitted,

/s/ Anesha Parker

Anesha Parker
ARP928@hotmail.com



**RECEIVED**
OCT 31  2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANESHA PARKER,<br><br>    *Plaintiff*,<br>v.<br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    *Defendants*. | 1:21-cv-02523 CKK |

**PLAINTIFF PARKER'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

### INTRODUCTION

Plaintiff Anesha Parker's hereby moves to dismiss the Defendant's 12(b)(1) and 12(b)(6) motion to dismiss Plaintiff Anesha Parker's Second Amended Complaint. alleges an astonishing yet essentially believable tale of cross-country monitoring, extortion, and poisoning by District of Columbia and United States officials. To some, this tale may sound unbelievable for government officials to take such extreme actions against Ms. Parker and her family because an internal audit revealed that $20,000 worth of gift cards were missing or lacking in documentation. Or maybe the true motive remains a mystery. Nonetheless, the facts ring true. To that end, the federal claims in Ms. Parker's Complaint should not be dismissed because they are not essentially fictitious and are not unsubstantial, fanciful claims devoid of merit. Furthermore, Ms. Parker's remaining claims are brought under local District law, so the Court should continue to exercise supplemental jurisdiction over those claims.

### FACTS

Ms. Parker sues the District of Columbia (District) under the following theories: the District of Columbia Whistleblower Protection Act, D.C. Code §§ 1-615.53, et seq. (DCWPA)

2

(Count I); Constructive Termination (Count II); the Driver's Privacy Protection Act (DPPA) (Count III); the Stored Communications Act, 18 U.S.C. § 2701(SCA) (Count IV); the Federal Wiretap Act, 18 U.S.C. § 2511 (FWT) (Count V); and 42 U.S.C. § 1983 for Fourth Amendment violations (Count VI). *See* 2nd Am. Compl. [17]. According to Ms. Parker, the District took prohibited personnel actions against her after she made protected disclosures about Department of Youth Rehabilitation Services's (DYRS) gift card program. Id. ¶¶ 51-56.

According to Ms. Parker, while she was employed as a Management and Program Analyst with DYRS, it tasked her with conducting an internal audit of DYRS's gift card distribution program after an internal report highlighted issues with the program. *Id*. ¶ 10. During the internal audit, Ms. Parker found that many gift cards were unaccounted for and missing documentation of the youth recipient. *Id*. ¶ 11. Ms. Parker shared this information with high-level executives at DYRS. *Id*. ¶ 12.

Afterward, Ms. Parker alleges that she was instructed to stop conducting the internal audit or allow another employee to complete it, she was advised to call out "sick" from an upcoming check-in meeting, and that requests were made that she submit a letter of resignation. *Id*. ¶ 14.  In April 2019, Ms. Parker reported these issues to the Defendants. *Id*. ¶ 15.  Shortly thereafter, Ms. Parker was transferred elsewhere in DYRS, and within a few months of her transfer, Ms. Parker and two other employees at DYRS presented the results of the internal audit, which was met with praise. *Id*. ¶¶ 16-17.  In July 2019, Ms. Parker was then transferred to New Beginnings Youth Development Center (NBYDC) in Laurel, Maryland. *Id*. ¶ 18.

One month later, Ms. Parker participated in an interview with investigators from the Board of Ethics and Government Accountability (BEGA) where she discussed the internal audit results and the requests made for her resignation. *Id*. ¶ 19. Ms. Parker alleges that in October 2019, the

Defendants learned of Ms. Parker's participation in the BEGA investigation, on October 29, 2019, they wrongly marked her as Absent Without Leave (AWOL). *Id.* ¶ 20. Ms. Parker claims that they did so as part of a plan to create a paper trail to terminate her, as evidenced by a handwritten letter by Ms. Parker's supervisor. *Id*. ¶ 22.

Ms. Parker further alleges that Defendants stripped her of her responsibilities, which were reassigned to her colleagues; she was marked AWOL in later months without justification; Defendants made suggestive remarks about giving Ms. Parker a poor performance evaluation that could lead to termination; Defendants installed recording and tracking devices on Ms. Parker's vehicles in the District of Columbia, Virginia, and Florida; Ms. Parker's colleagues started following her to and from the office and could provide specific details about items and private conversations held inside Parker's home; Parker's colleagues provided specific details about seeing her disrobe, one employee asked about a specific cosmetic item Parker sampled, and her colleagues remarked: "she thinks she's safe by hiding in her bathroom"; Defendants cancelled and transferred Parker's Florida driver's license out of the state without her consent; Defendants intercepted her incoming and outgoing mail; Defendants laced Ms. Parker's and her niece's food and drinks with opiates; Defendants gained unauthorized access to Ms. Parker's internet routers, personal contacts, social media accounts, multiple email accounts, bank accounts, and rideshare accounts, and they linked Ms. Parker's Apple watch to the Defendants' District-owned Samsung television in the executive's conference room at DYRS to eavesdrop on Ms. Parker's private conversations; Defendants disseminated the information unlawfully gathered on Ms. Parker among her family, friends, and colleagues; and Defendants stalked or caused Ms. Parker to be stalked everywhere she went. *Id*. ¶¶ 25-34; 36-40; 44, 46-47.

**LEGAL STANDARDS**

Under Fed. R. Civ. P. a Court must not dismiss a complaint unless it fails to contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002), aff'd, 409 F.3d 414 (D.C. Cir. 2005), cert. denied, 546 U.S. 1173 (2006). When reviewing a challenge under Rule 12(b)(1), a Court may consider documents outside the pleadings to assure itself that it has jurisdiction. *See Hurd v. D.C., Gov't, 864 F.3d 671, 678 (D.C. Cir. 2017)*. The Rule 12(b)(1) "substantiality" doctrine is, as a general matter, reserved for complaints resting on truly fanciful factual allegations whereas, Rule 12(b)(6) applies to cull legally deficient complaints. *See Neitzke v. Williams*, 490 U.S. at 327, 109 S.Ct. at 1832.

Alternatively, Federal Rules of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." There exists "a virtual presumption that a court should grant leave to amend where no good reason appears to the contrary." *Johnson v. Fairfax Vill. Condo. IV Unit Owners Ass'n*, 641 A.2d 495, 501 (D.C. 1994).

**PROCEDURAL HISTORY**

On September 28, 2021, Ms. Parker filed her complaint against the District. *See* Orig. Compl. ECF No. 1. On December 17, 2021, the District filed a Motion to Dismiss for lack of subject matter and personal jurisdiction. *See* Def's Mot. to Dismiss, ECF No. 5. Plaintiff sought an extension of time to respond to the Defendants' [5] Motion, which the Court granted. *See* Order

ECF No. 8. On February 18, 2022, Plaintiff filed an opposition motion along with an amended complaint. *See* ECF No. 10. The District opposed on grounds of futility. *See* ECF No. 13.

On June 17, 2022, Plaintiff filed a Second Amended Complaint adding the U.S. Department of Justice, U.S. Department of Defense, Central Intelligence Agency and Roseberte Clervil. *See* ECF No. 17. Plaintiff also supplemented her original causes of action under the District of Columbia law with federal and constitutional claims. *See* Pl.'s Mot. at 1-2. On September 1, 2022, counsel for Defendants, the U.S. Department of Justice, the U.S. Department of Defense, and the Central Intelligence Agency ("Federal Defendants") filed a Motion for an Extension of Time, until October 7, 2022, to answer or otherwise respond to Plaintiff's [17] Second Amended Complaint, which the Court granted. *See* ECF 21. Federal Defendants' filed a second Motion for Extension to respond to Plaintiff up until November 7, 2022. *See* ECF 23. Plaintiff did not file a response so the Court granted Federal Defendants an extension to respond by November 7, 2022. *See* Order ECF 25. The District filed a 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint. *See* ECF 24.

## ARGUMENT

I. **Ms. Parker's DPPA, SCA, FWT, and § 1983 Claims Are Not "Essentially Fictitious" Therefore, They Should Not Be Dismissed Under Rule 12(b)(1).**

In Defendant's [23] Motion to Dismiss, the District argues that Ms. Parker's DPPA, SCA, FWT, and § 1983 claims should be dismissed under Rule 12(b)(1) on the grounds that the Court lacks jurisdiction because the federal and constitutional claims are "patently insubstantial," presenting no federal question suitable for decision. *See* Def. Mot. [23]. Defendants rely on the *Best v. Kelly* standard in assessing that Ms. Parker's federal and constitutional claims fail. However, that is not the case. In *Best*, the plaintiffs filed a complaint asserting that the Defendant, District of Columbia, violated their constitutional rights by terminating program that plaintiff's

had a liberty interest. The plaintiff's alleged that the constitutional violations stemmed from an illegal procurement process. *Best v. Kelly*, 39 F.3d 328, 329 (D.C. Cir. 1994). The District Court dismissed the complaint for lack of jurisdiction, improperly finding that the plaintiff's claims were "patently insubstantial." *Id.* at 328, 330-31. However, the Court of Appeals explained that the plaintiff's complaint alleging that the District's illegal procurement process lead to the termination of a constitutionally-protected program was not "essentially fictitious," nor did the claims suggest any bizarre conspiracy theories, any fantastic government manipulations of their will or mind, or any sort of supernatural intervention. *Id.* As an example of an "essentially fictitious" or otherwise frivolous claim, the Court quotes verbatim from a complaint that provided:

> Years ago a Secret Branch of the Federal Government Put me under. This Branch of the Government, took my Face off of my Head, went into my Scull Put a Computer Chip of some kind a Camera System which makes me Project Images or Pitchers, many Feet in Front of me. This was done to me without my Written Permission or any kind of Signature. This was and is an Atrocity. This Atrocity that was committed against me, has caused Massive Interrogation Cruel Unusual Punishment Against me. The Atrocity that was committed against me is in all actuality Cruel Unusual Punishment. I feel that the Government should be responsible for the Atrocity committed Against me.

*Best,* 51, 59 (D.D.C. 2012), (D.C. Cir. Apr. 10, 2013) (quoting *Wilson v. United States Federal Government*, Civ. Action No. 92-2159 (D.D.C. 1992).

Here, Ms. Parker asserts that after she reported approximately $20,000 worth of gift cards were missing or unaccounted for, some employees for the District, the Central Intelligence Agency, and the United States Government with a personal vendetta started to and continue to use government resources to violate her civil rights. These violations include, accessing Ms. Parker's homes and personal devices, tampering with her vehicles across several states, poisoning of her and her niece's food and drinks, wiretapping and surveillance, intercepting her mail, the transfer of DMV records, and stalking her everywhere she goes. *Id.* ¶¶ 25-34; 36-40; 44, 46-47. Applying

the *Wilson* example referenced in *Best* as an "essentially fictitious" pleading that warrants dismissal under 12(b)(1), Ms. Parker's 2nd Am. Complaint does not satisfy the standard, thus should not be dismissed.

Further, dismissal is not warranted under Rule 12(b)(6) because Ms. Parker's well-pleaded complaint alleges sufficient facts to support an inference that Defendants violated the DPPA, SCA, FWT, and § 1983 as well as the District law claims. Ms. Parker has satisfied the threshold pleading requirements under Rule 8 to survive a motion to dismiss. Therefore, the Court has original jurisdiction, and the Complaint should not be dismissed.

## II.     The Court Should Continue to Exercise Supplemental Jurisdiction Over Ms. Parker's Common Law Claims.

Ms. Parker has set forth viable federal and constitutional claims against the Defendants therefore the Court has original jurisdiction under 28 U.S. Code § 1331. Pursuant to 28 U.S. Code § 1367(a), the Court also has the discretion to exercise supplemental jurisdiction over Ms. Parker's DCWPA (Count I) and Constructive Termination (Count II). *See Acri v. Varian Assoc., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997). Accordingly, the Court should continue to exercise supplemental jurisdiction over Ms. Parker's claims under District of Columbia law.

## III.    The Court Should Permit Ms. Parker to File an Amended Complaint

The Court should grant Ms. Parker leave to amend her complaint to add claims under the Social Security Act, D.C. Unemployment Act, and Fifth Amendment of the U.S. Constitution because newly discovered information has come to light that materially alters the existing claims. According to Defendant's unemployment website, Ms. Parker's claim, that has been pending for over a year, is potentially time-barred. (*See* Exhibits 2-5). These changed circumstances could cause deprivation of Ms. Parker's rights to her benefits without an adequate remedy. Further, the District Defendants failure to timely process or pay Ms. Parker's unemployment benefits for over

a year supports an inference of retaliatory motive and an ongoing conspiracy amongst District Government officials and others. Justice requires permitting the filing of a Third Amended Complaint to provide Ms. Parker an opportunity to litigate this issue. Accordingly, the Court, in its discretion and in the interests of justice, should permit Ms. Parker to file her Third Amended Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Opposition Motion and deny Defendants Motion to Dismiss. Also, the Court should grant leave to amend the complaint.

Date: October 31, 2022

                                                Respectfully submitted,

                                                /s/ *Anesha Parker*
                                                Anesha Parker
                                                8402 Marlanas Place
                                                Tampa, FL 33637
                                                ARP928@hotmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANESHA PARKER**, *Plaintiff*, v. **DISTRICT OF COLUMBIA,** *et al.*, *Defendants*. | 1:21-cv-02523 CKK |

**CERTIFICATE OF SERVICE**

      Plaintiff hereby certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U.S. Mail on October 31, 2022.

**DISTRICT OF COLUMBIA**
Office of the Attorney General for the District of Columbia
400 6th Street N.W.
Washington, D.C. 20001

Date: October 31, 2022

                                              /s/ *Anesha Parker*

                                              Anesha Parker
                                              8402 Marlanas Place
                                              Tampa, FL 33637
                                              ARP928@hotmail.com