UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANESHA PARKER, <br>       Plaintiff <br>     v. <br> DISTRICT OF COLUMBIA, *et al.*, <br>       Defendants. | Civil Action No. 21-2523 (CKK) |

MEMORANDUM OPINION
(January 5, 2024)

Plaintiff Anesha Parker, who proceeds *pro se*, filed a [50] Motion for Reconsideration or Relief from Order of Dismissal and for Leave to File an Amended Complaint ("Pl.'s Mot."). For the foregoing reasons, the Court shall **DENY** Plaintiff's [50] Motion.

## I. BACKGROUND

In September 2021, Plaintiff filed suit against the District of Columbia ("District Defendant") and three federal agencies, the United States Department of Justice, United States Department of Defense, and Central Intelligence Agency (collectively, "Federal Defendants"). The Court incorporates the factual and procedural background included in its previous Memorandum Opinion. *See* Mem. Op., ECF No. 42 at 2–5. In July 2023, the Court granted District Defendant's [24] Motion to Dismiss and Federal Defendants' [28] Motion to Dismiss. *See generally id.* The Court found that as for her federal and constitutional law claims, Plaintiff failed to state a claim upon which relief could be granted because her claims were predicated on unsubstantiated conspiracy theories. *Id.* at 9–11, 13. The Court also declined to exercise supplemental jurisdiction over the remaining state law claims. *Id.* at 11–12.

Plaintiff then appealed the Court's [41] Order dismissing her case to the United States Court of Appeals for the District of Columbia, *see* [43] Notice of Appeal, which remains pending after

1

this Court granted her motion for leave to appeal *in forma pauperis*, *see* [48] Order. She then filed the instant [50] Motion for Reconsideration or Relief from Order of Dismissal and for Leave to File an Amended Complaint. The Court will now discuss each of Plaintiff's requests in turn.

## II. DISCUSSION

### A. Motion for Reconsideration Under Federal Rule of Civil Procedure 60(b)(2)

Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 60(b)(2) due to alleged newly discovered evidence. Pl.'s Mot. at 4. In order to receive relief from a judgment under Rule 60(b)(2), the movant must demonstrate that: (1) the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching. *Epps v. Howes*, 573 F. Supp. 2d 180, 185 (D.D.C. 2008) (RMC) (citing *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 66–67 (D.D.C. 2008) (RBW)). The Court will not address each of these factors, as it is clear to this Court that Plaintiff's alleged newly discovered evidence would not have changed the outcome of this Court's decision to dismiss her case.

Plaintiff states that her newly discovered evidence consists of the following: affidavits submitted to the District of Columbia Court of Appeals Committee on Admissions that would support her claims of Defendants' illegal surveillance, Pl.'s Mot. at 2, 5; evidence discovered from the United States Postal Service that her "mail has been intercepted and tampered with by individuals that she attempted to join in this suit," *id.* at 2; the appointment of a guardian to manage her affairs and monitor her, conducted by private behavioral health agency who lives next door to her home, *id.*; "deliberately falsified medical evidence and diagnosis by an unknown doctor in the

2

District – that she has not seen, used to investigate, detain, and civilly commit Ms. Parker," *id.* at 5; and the fraudulent submission of a change of address forms to forward her mail from Florida to Virginia in July 2021, *id.*

As the Federal Defendants put it, these "claims merely continue the earlier irrational and far-fetched claims that have been dismissed by the Court." ECF No. 52 at 4. This Court agrees and, therefore, finds that Plaintiff's newly discovered evidence would not have changed its decision to grant Defendants' Motions to Dismiss.

### B. Motion for Reconsideration Under Federal Rule of Civil Procedure 60(b)(3)

Plaintiff then moves for reconsideration under Federal Rule of Civil Procedure 60(b)(3) due to fraud and misconduct. Pl.'s Mot. at 8. "In order to prevail on a motion under Rule 60(b)(3), plaintiff must show actual prejudice, that is, [s]he must demonstrate that defendant's conduct prevented [her] from presenting [her] case fully and fairly," *Ramirez v. Department of Justice*, 680 F. Supp. 2d 208 (D.D.C. 2010) (citing Summers v. Howard Univ., 374 F.3d 1188, 1193 (D.C. Cir. 2004)), and that "the fraud is attributable to the party or, at least, to counsel," *Richardson v. Nat''l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993).

Plaintiff argues that Defendants engaged in fraud and misrepresentation because her alleged newly discovered evidence "existed in or around 2021 when this case was filed, so the District and Federal Defendants knew or should have known[] about the existence of this evidence when they unscrupulously filed multiple motions to dismiss for lack of subject matter jurisdiction under the insubstantiality doctrine instead of filing an answer." Pl.'s Mot. at 8. She continues that "evidence was transferred to Florida during the course of the proceedings," which "suggests that the information was withheld from Ms. Parker by the Defendants." *Id.*

The Court finds that there is nothing credible in Plaintiff's briefing that supports the

conclusion that Defendants acted fraudulently or made misrepresentations to Plaintiff throughout the course of this litigation.

### C. Motion for Reconsideration Under Federal Rule of Civil Procedure 60(b)(6)

Next, Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 60(b)(6), the catch-all provision that permits relief based on any other reason that justifies relief.  Pl.'s Mot. at 9 (citing *Walsh v. Hagee*, 316 F.R.D. 2, 4 (D.D.C. 2015)).  The Supreme Court has consistently held that Rule 60(b)(6) motions should only be granted in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.").  The D.C. Circuit has "similarly observed that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

Plaintiff states that the extraordinary circumstances are "based on the newly discovered evidence," conflating her arguments under Rules 60(b)(2) and (b)(6).  Pl.'s Mot. at 9.  She also argues that "relief should be granted because the Court had subject matter jurisdiction" and "the District finally held an unemployment appeals hearing two years after Ms. Parker's employment ended in 2021," which is now pending in the District of Columbia Court of Appeals.  *Id.*  She provides no additional support for this argument.

The Court finds no extraordinary circumstances, either articulated by Plaintiff or otherwise,

that warrant reconsideration.[1]

### D. Leave to File an Amended Complaint

Finally, Plaintiff requests that, in the alternative, the Court grant leave to file an amended complaint. Pl.'s Mot. at 1. While "leave [to amend] shall be freely given when justice so requires," it should be denied when justice does not require the requested amendment. *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has explained that the following reasons may support denying leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [5] futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds numerous of these reasons to be satisfied. For example, Plaintiff's attempt to amend her complaint yet again is done in bad faith, violating Court Orders. In June 2022, this Court informed Plaintiff that her Second Amended Complaint would be the final operable complaint in this litigation. *See* Order, ECF No. 16 at 2 ("This Second Amended Complaint shall be the final operative Complaint.") (in bold and italics). Then in October 2022, Plaintiff then filed a [26] Motion for Leave to File a Third Amended Complaint, which the Court denied, emphasizing that the Second Amended Complaint was to be her final Complaint. *See* Minute Order, Nov. 1, 2022. The Court also finds that allowing an amendment would cause undue prejudice to Defendants, as this matter has been dismissed since July 2023 and is now on appeal to the D.C. Circuit. *See* ECF No. 51 at 5. (District Defendant's opposition). And perhaps most

---

[1] The Court also notes that "in this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment," *Carvajal v. Drug Enforcement Admin.*, 286 F.R.D. 23, 26–27 (D.D.C. 2012) (JDB) (citing cases), and Plaintiff's motion here was filed over four months after the Court's [41] Order.

significantly, although Plaintiff failed to attach a proposed Third Amended Complaint, as is required by Local Civil Rule 7(i), the Court assumes based on the allegations raised in her present Motion—i.e., that of additional evidence regarding the Government's surveillance, intercepting of her mail, appointing a guardian to oversee her, among other claims—that the claims she intends to raise would likely be futile for the same reasons as articulated in the Court's [42] Memorandum Opinion dismissing this case.  The Court also emphasizes that, as mentioned above, Plaintiff did not include a proposed amended complaint as required by Local Civil Rule 7(i).  She also did not confer with Defendants before filing her Motion as required by Local Civil Rule 7(m).

### III. CONCLUSION

For the reasons set forth above, the Court shall **DENY** Plaintiff's [50] Motion for Reconsideration or Relief from Order of Dismissal and for Leave to File an Amended Complaint.

An appropriate Order accompanies this Memorandum Opinion.

                                                   /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge